UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>         Plaintiff,<br>     v.<br>JOSE LUIS SEVERINO-CONCEPCION<br>         Defendant. | :<br>:<br>:  CRIMINAL NO. 06-41 (RWR)<br>:<br>:  FILED UNDER SEAL<br>:<br>: |

PLEA AGREEMENT

The United States of America, through the Narcotic and Dangerous Drug Section of the Criminal Division, United States Department of Justice (hereinafter referred to as the "United States" or "government") and JOSE LUIS SEVERINO-CONCEPCION (hereinafter referred to as the "defendant") enter into the following agreement:

1.   The defendant agrees to plead guilty to Count One of the Information [Indictment], a copy of which is attached, which charges the defendant with knowingly and intentionally combining, conspiring, and agreeing with others to commit certain offenses against the United States, namely:

Conspiracy to (1) import into the United States 3,4 methylenedioxymethamphetamine (hereafter "MDMA"), in violation of 21 U.S.C. § 952, and (2) distribute MDMA intending and knowing that such substance would be unlawfully imported into the United States, in violation of 21 U.S.C.§ 959, all in violation of 21 U.S.C.§ 963, and 960(b)(3).

2.   The United States agrees to seek dismissal of the remaining counts, as they relate to the defendant, at sentencing.

3. The defendant agrees to the Statement of Facts signed by him which is attached to this Plea Agreement and incorporated herein.

4. The defendant understands that the crime to which he is pleading guilty carries a statutory maximum term of 20 years imprisonment, a fine not to exceed $1,000,000 and a period of supervised release of at least three (3) years.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6. The defendant understands that pursuant to the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), the federal courts are not bound by the Federal Sentencing Guidelines, but must consult those Guidelines and take them into account when sentencing. The defendant understands further that this means the Court may impose a sentence that is either more severe or less severe than the advisory guideline range. The defendant thus understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea if his sentence is at or below the statutory maximum sentence.

7. The United States promises to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.

8. The defendant acknowledges defendant's responsibility for the conduct charged in Count 1 of the ~~Indictment~~ Information, and stipulates that the conduct charged in that count may be considered by the Probation Office and the Court in imposing sentence.

9. Although not binding on the United States, the Court, or U.S. Probation, the parties agree that the Sentencing Guidelines calculations, based on the applicable law as of the date of this agreement, are as follows:

>  (a) Under Sections 1B1.3 and 2D1.1(c)(1) of the Sentencing Guidelines, the defendant is accountable for conspiracy to distribute 300 grams or more of a Schedule I hallucinogen and that, pursuant to Section 2D1.1(c)(1) of the Sentencing Guidelines, the base offense level without adjustments for the crime to which the defendant is pleading guilty is thirty-eight (38).
>
>  (b) As the defendant qualifies for a downward adjustment for a mitigating role under Section 3B1.2 (see paragraph (c) below), under Section

2D1.1(a)(3), the base offense level is reduced by 4 levels to level thirty-four (34).

(c) Under Section 3B1.2(b) of the Sentencing Guidelines, the defendant will receive a two (2) level downward adjustment to the offense level based on his mitigating role as a minor participant.

(d) The United States will recommend at sentencing that the Court reduce the defendant's offense level by two (2) levels for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines, and will move the Court for a decrease of one (1) additional level for acceptance of responsibility under Section 3E1.1(b) of the Sentencing Guidelines based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.

(d) Should the defendant meet *all* of the requirements of the "safety valve" provisions of guidelines section 5C1.2, that is:

   (1) the defendant does not have more than one criminal history point;

   (2) the defendant did not use violence or credible threats of violence or possess a firearm or

        other dangerous weapon in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense and was not engaged in a continuing criminal enterprise as defined in 21 U.S.C. § 848;

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan;

then the defendant would be entitled to a further two (2) level reduction in the base offense level pursuant to Section 2D1.1(b)(7).

10. The defendant agrees that he shall cooperate fully with the United States by:

(a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by the United States,

5

       whether in interviews, before a grand jury, or at any trial or other court proceeding;

(b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by the United States;

(c) not revealing his cooperation, or any information derived therefrom, to any third party without prior consent of the Narcotic and Dangerous Drug Section;

(d) understanding that the defendant may not falsely implicate an innocent person in the commission of a crime, or exaggerate the involvement of any person in the commission of a crime in order to appear to be cooperative, or falsely minimize the involvement of any person in the commission of a crime in order to protect that person;

(e) forfeiting to the United States his interest in any property in his possession or under his control that constitutes or is traceable to proceeds of his narcotics trafficking.  The defendant agrees to enter into a consent order of forfeiture and to fully assist the government in effectuating the surrender of the forfeited assets.  The defendant agrees not to file a claim or assist others to file a claim to any of the forfeited assets in any administrative or judicial

6

        proceeding. The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of such assets, and waives all constitutional, legal and equitable defenses to the forfeiture of such assets;

(f) consenting to a continuance of his sentencing until his cooperation has been completed, as determined by the United States, so that the Court will have the benefit of all relevant information before a sentence is imposed; and,

(g) understanding that the defendant's cooperation with the United States is a continuing obligation, which continues beyond the date of his sentencing.

11. The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in any assets, including but not limited to cash assets, negotiable instruments, securities, property or other things of value, including any and all property which has been transferred or sold to or deposited with any third party, known or unknown by the defendant for a period of not less than 5 years prior to the date of the signing of this agreement that were involved in, used in, intended for use in, or obtained through narcotic violations, as well as any asset, interest, or proceeds defendant received or could receive or cause to be received by a third party in the future,

directly or indirectly, in whole or in part, from defendant's illegal activities.

12. The defendant further agrees to submit to interviews whenever and wherever requested by law enforcement authorities regarding all assets within his possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500.

13. The United States reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation known to the Court at the time of sentencing. If in the sole and unreviewable judgment of the United States the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the sentence recommended or advised by the Sentencing Guidelines, the United States will at or before sentencing make a motion pursuant to Section 5K1.1 of the Sentencing Guidelines, or file a Rule 35 motion subsequent to sentencing, reflecting that the defendant has provided substantial assistance and recommending a sentence reduction. The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require the United States to file such a motion and the assessment made by the United

States of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding on the defendant. Nothing in this agreement limits the right of the defendant to advise the Court of the full nature and extent of his cooperation at the time of sentencing.

14.  The defendant understands and acknowledges that the Court is under no obligation to grant a government motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure, as referred to in paragraph 13 above, should the government exercise its discretion to file such a motion.

15.  The defendant is aware that the sentence has not yet been determined by the Court.  The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, or the government, is a prediction, not a promise, and is not binding on the government or the Court.  The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.  The defendant understands and acknowledges that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

16. In the event that the defendant is ever a witness at any trial or other judicial proceeding or presents evidence through other witnesses, and his testimony or such evidence presented through others is different from, contradicts or in any manner is inconsistent with statements made or information supplied by him pursuant to this Plea Agreement, the attorney for the United States may cross-examine the defendant and other witnesses concerning any such prior statements or evidence. Evidence regarding such statements or information may also be introduced by the United States as rebuttal evidence.

17. Nothing in this Plea Agreement shall be construed to prohibit the United States from using any statements, information, documents, or physical evidence obtained from the defendant pursuant to this Plea Agreement to prosecute him for perjury, false statement, and/or obstruction of justice or any other offense committed by him during or after his cooperation with the United States.

18. If, at any time during the defendant's cooperation with the United States under this Plea Agreement, the United States determines that he has provided any information or evidence that is not truthful or complete, or if he does not provide assistance or testimony upon request, the obligations of the United States under this Plea Agreement may be terminated by the United States. In that event, the United States may prosecute the defendant on any of the charges contained in the Indictment and the United States may, notwithstanding any other provision in this Plea Agreement, use against him all

information and evidence obtained from him pursuant to this Plea Agreement or during the course of debriefings conducted prior to this Plea Agreement regardless of whether such debriefings were covered by a proffer agreement by the parties.

19. The United States reserves the right to dispute sentencing factors or facts material to sentencing and to use any information or material, whether or not obtained from the defendant pursuant to this Plea Agreement, to correct any factual errors asserted by the defendant.

20. The defendant represents to the Court that no threats have been made against him and that he is pleading guilty knowingly, intelligently, freely and voluntarily because he is in fact guilty, and represents to the Court that he is fully satisfied with the legal advice, guidance and representation he has received from his attorney.

21. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Title 18, United States Code, Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, including any challenges to the constitutionality of the Sentencing Guidelines, unless the sentence exceeds the maximum permitted by statute or results from an upward departure from the guideline range established by the Court at sentencing. Additionally,

the defendant waives any right to have facts that determine his sentence under the Guidelines alleged in the indictment or found by a jury beyond a reasonable doubt. The defendant further agrees that the Court shall find at sentencing by a preponderance of the evidence any facts that determine his sentence under the Guidelines. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. §3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, counsel for the defendant acknowledges that he has discussed the appeal waiver with the defendant and that defense counsel, along with the prosecutor, will request that the district court enter a specific finding regarding the defendant's knowing and voluntary waiver of his right to appeal the sentence imposed, as set forth in this agreement.

22. It is further agreed that the United States and the defendant shall request the Court to place this plea agreement and other relevant proceedings and documents entered into the record in this matter under seal. Both parties agree that this is necessary in order to protect the personal safety of the defendant and the law enforcement agents/officers working with the defendant. Both parties further agree that if the record is sealed in this matter, it shall remain under seal, subject to Court approval, until such time as the Court might direct in response to a motion made by the United States.

23. This agreement only binds the Narcotic and Dangerous Drug Section, Criminal Division, United States Department of Justice. It does not bind any other office or agency of the United States Government or United States Attorney's Office, nor does it bind any foreign governments. These offices, agencies, and governments remain free to prosecute the defendant for any offense(s) committed within their respective jurisdictions.

24. There are no other agreements, promises, understandings or undertakings between the defendant and the government. The defendant understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

THOMAS PADDEN
ACTING CHIEF, NARCOTIC &
DANGEROUS DRUG SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

Date: 2/24/06

By: _____
MATTHEW STIGLITZ
Trial Attorney

Approved by:

Date: 2/13/06

By: _____
GLENN ALEXANDER
Acting Deputy Chief for
Litigation
NDDS, Criminal Division

DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Joseph Virgilio, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

_____          _24-2-06_____
JOSE LUIS SEVERINO-CONCEPCION         Date

ATTORNEY'S ACKNOWLEDGMENT

I am the Defendant's attorney. I have fully explained to the Defendant the Defendant's rights and the applicable provisions of the Sentencing Guidelines. I have carefully reviewed every part of

14

this Plea Agreement with the Defendant in Spanish. The Defendant is entering into this Plea Agreement voluntarily, intelligently and with full knowledge of all consequences of Defendant's plea of guilty.

_____  
Joseph Virgilio, Esq.  
Attorney for Defendant

2.24.06  
Date