UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,       :
        Plaintiff,    :
                      :   CRIMINAL NO. 06-41 (RWR)
v.                              :
                      :   FILED UNDER SEAL
JOSE LUIS SEVERINO-CONCEPCION   :
        Defendant.    :

FILED
FEB 2 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

STATEMENT OF FACTS IN SUPPORT OF
DEFENDANT'S PLEA OF GUILTY

The following statement of facts is submitted in support of defendant's plea of guilty:

1. The defendant is charged in Count One of the ~~Indictment~~ Information with conspiracy to (1) Import into the United States 3,4 methylenedioxymethamphetamine (hereafter "MDMA"), in violation of Title 21 United States Code Sections 952 and 960, and (2) distribute MDMA, knowing that such MDMA would be unlawfully imported into the United States, in violation of Title 21, United States Code Sections 959 and 906, all in violation of Title 21, United States Code Sections 963, and 960(b)(3). The essential elements of this offense are:

    a. That the defendant conspired or agreed with one or more persons to commit the offense of importation into the United States, and distribution of MDMA intending and knowing that such MDMA would be unlawfully imported into the United States;

    b. That the defendant voluntarily and intentionally joined the conspiracy or agreement with the intent to advance or

1

    further its unlawful objective; and

 c. That at least one of the people involved in the conspiracy committed an overt act, that is, did something for the purpose of carrying out the conspiracy.

 2. In February, 2002, the Drug Enforcement Agency (DEA), in cooperation with other foreign law enforcement agencies, began an investigation of a Dominican-based organization trafficking MDMA from the Netherlands to various locations in the United States and elsewhere.  This organization included the defendant, and the investigation involved the arrest and questioning of various drug couriers, foreign telephone wiretaps and the use of confidential informants.

 3. As learned through their investigation, from 2002 to 2003, co-defendant Bernardo Jimenez-Carela was responsible for recruiting European expatriates in the Dominican Republic to travel to Amsterdam, the Netherlands, where they were met by another co-defendant, John Doe, aka "Marcial."  Marcial would provide or cause to provide luggage or clothing containing large quantities of MDMA to the couriers, who would then attempt to transport them to various locations in the United States.

 4. To assist in his recruiting efforts, Jimenez-Carela enlisted the aid of others to help him, offering them money for each person recruited.  One of these "sub-recruiters" was the defendant, who in 2002 was working with Jimenez-Carela selling shares at a vacation property located in the town of Sosua, located

on the northern coast of the Dominican Republic. The defendant was offered $200 for each person that he recruited for Jimenez-Carela.

5. In late June or early July of 2002, the defendant approached Karsten Röber, a German national residing in the defendant's neighborhood in Sosua. He offered Röber the opportunity to make approximately $4,000 by transporting "anabolic steroids for horses" from Amsterdam to Miami, Florida. Leery at first, Röber ultimately agreed to the job after being assured by the defendant that these were not illegal drugs.

6. Approximately three weeks later, the defendant picked up Röber and took him to a restaurant in Sosua, where he was introduced to co-defendant Jimenez-Carela. During this meeting, Jimenez-Carela inquired of Röber concerning whether his passport was in order, assured him that he would in fact be transporting steroids for horses, and told him that the defendant would let him know when it was time to travel.

7. In late July, 2002, the defendant, Jimenez-Carela and Röber went to the FROKA travel agency in Sosua, where Jimenez-Carela ordered a plane ticket for Röber. Upon departing the agency, Jimenez-Carela provided Röber with spending money and the phone number for "Marcial," whom Röber was to call when he arrived in Amsterdam. Later that day, the defendant and Jimenez-Carela took Röber to the airport, where a woman arrived with his airline ticket.

8. On arrival at the airport in Amsterdam, Röber could not

reach Marcial at the number provided, and so called the defendant to advise him of this. The defendant told Röber to wait where he was, and approximately 2 hours later Marcial arrived and met Röber. Röber spent the next five days in Marcial's apartment, with Marcial providing him food. After this, Marcial introduced Röber to a Dutch man, and provided the man with money to buy Röber an airline ticket. The man took Röber to Belgium and purchased a ticket from Brussels through Frankfurt and on to Miami, and then brought Röber back to Marcial. That night, Marcial showed Röber a small suitcase, which he said contained the medication, and packed Röber's things in it.

9. The following day, Marcial gave the suitcase and spending money to Röber, and the same Dutch man drove him to the airport in Brussels. On arrival in Miami, Röber and his suitcase were subjected to a search by U.S. Customs inspectors, who discovered approximately 15,000 pills hidden in a false bottom of the suitcase. This contraband was subsequently sent to a DEA laboratory, where the pills, with a net weight of 2.517 kilograms, tested positive for MDMA.

9. This factual proffer is a summary of the defendant's actions, and is not intended to be a complete accounting of all facts and events related to that offense or other offenses. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to the offense of Conspiracy to (1) import into the United States MDMA

and (2) ~~manufacture and~~ distribute MDMA knowing that such MDMA would be unlawfully imported into the United States, which is charged in Court One of the Indictment in this case.

Respectfully submitted,

Thomas Padden, Acting Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530

By: _____     2/24/06
Matthew Stiglitz                          Date
Trial Attorney
Narcotics and Dangerous Drug Section
United States Department of Justice
Washington, D.C.

### DEFENDANT'S ACCEPTANCE

I have read all 5 pages of the Statement of Facts and have discussed it with my attorney, Joseph Virgilio, Esquire. I fully understand this document and agree without reservation that the facts are accurate and correct. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 24-2-06                             _____
                                          Jose Luis Severino-Concepcion
                                          Defendant

5

ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 2.24.06

Joseph Virgilio, Esq.

6