UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| *v* | ) | **Criminal Nº 06-041-01 (RWR)** |
| | ) | <u>**UNDER SEAL**</u> |
| **JOSE LUIS SEVERINO** | ) | |

## MEMORANDUM IN AID OF SENTENCING

COMES NOW Jose Luis Severino, through counsel, Joseph Virgilio, to respectfully provide this Honorable Court with information concerning the defendant in aid of his sentencing currently scheduled for January 3, 2007.

Respectfully submitted,

*Joseph Virgilio*

Joseph Virgilio (Bar Nº 237370)
1000 Connecticut Avenue NW
Nº 1
Suite 613
Washington   DC   20036
202.686.6914

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| *v* | ) | **Criminal Nº 06-041-01 (RWR)** |
| | ) | <u>**UNDER SEAL**</u> |
| **JOSE LUIS SEVERINO** | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MEMORANDUM IN AID OF SENTENCING**

**Background**

1. Pending before the court is the sentencing of the defendant following his conviction for (1) Conspiracy to Import into the United States 3,4-Methylenedioxymethamphetamine (MDMA), in violation of 21 USC §§ 952 and 960 (2) distribute MDMA intending and knowing that such substance would be unlawfully imported into the United States, in violation of 21 USC §§ 959 and 960.

2. The defendant entered an early plea of guilty to this offense. Defendant has no prior convictions.

3. The defendant pleaded guilty to this offense under a cooperation plea agreement with the government.

4. On November 28, 2006, a Presentence Report was completed. The defendant's sentencing guidelines were computed to be a Total Offense Level of 27 and a Criminal History Category I. The resultant sentencing range under the guidelines is 70-87 months.

**Sentencing factors**

    5. *United States v Booker* 125 SCt 738 (2005) has returned to the sentencing courts the ability to apply the traditional sentencing factors in determining a sentence. Those factors, as spelled out in 18 USC § 3553, are

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2)    the need for the sentence imposed –
        (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.
        (B)  to afford adequate deterrence to criminal conduct;
        (C)  to protect the public from further crimes of the defendant; and
        (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
    (3)    the kinds of sentences available.

**The appropriate sentence**

    6. The defendant is 32 years old. He grew up in the Dominican Republic where he met and became involved with the lead defendant in this case. Although the defendant was a member of the conspiracy, he was a minor participant. His role was as a "sub-recruiter." The lead defendant, Bernardo Jimenez Carela, recruited European expatriates in the Dominican Republic to travel to Amsterdam, Holland, where they were furnished with luggage or clothing containing large amounts of MDMA for transport to the United States. Defendant's role in this scheme was to identify and introduce potential couriers to Jimenez Carela. For each person defendant recruited, Jimenez Carela paid him $200.

7. Although the sentencing guidelines would require a sentence in the 70-87-month range defendant requests the court to depart downward and sentence him to time served for the following reasons:

a. As pointed out in paragraph 59 of the *Presentence Report*, under the statute defendant is eligible for probation.

b. Defendant was arrested on these charges in the Dominican Republic on June 30, 2005. Twelve and a half months later, on July 19, 2006, he was extradited to the United States where he has remained in custody. At the time of sentencing, defendant will have been incarcerated for a total of 18 months, approximately six of which will have been at DC Jail. Given the early nature of his plea and his substantial cooperation with the government, the time he has spent incarcerated represents a substantial period of time and therefore reflects the seriousness of the offense.

c. The defendant pleaded guilty and thus saved the need for a trial and the expenditure of scarce judicial resources.

d. The defendant was at all times ready, willing, and able to testify the lead defendant in this case. However, according to the government, the Supreme Court of the Dominican Republic denied the United States' request for Mr Jimenez Carela's extradition. This failure to secure the extradition of Mr Jimenez Carela should not prejudice the defendant.

e. The defendant provided substantial assistance in the investigation and prosecution of other persons, namely Carela Jimenez. Defendant participated in three

debriefings with the government during which he provided detailed information concerning the drug trafficking conspiracy to which he pleaded guilty.

      f. Mr Severino did not profit greatly from the offense. (The PSR indicates that the defendant has no assets). The requested sentence is an appropriate sentence for the offense.

      g. The sentence is significant and would therefore provide adequate deterrence to further criminal conduct.

      h. This sentence would protect the public from further crimes of the defendant.

      i. The defendant was charged in this indictment with 3 other persons, only one of whom he actually knew (Jimenez Carela) and against whom defendant agreed to testify.

**Defendant is Eligible for Federal Sentence Credit Under 18 U.S.C. § 3585(b) for the entire time spent in custody in the Dominican Republic**

As noted above, Defendant was arrested on these charges in the Dominican Republic on June 30, 2005. Twelve and a half months later, on July 19, 2006, he was extradited to the United States where he has remained in custody. At the time of sentencing on January 3, 2007, defendant will have been incarcerated for a total of 18 months, approximately six of which will have been at DC Jail. Under 18 USC § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed;

See *United States v El-Jassem*, 819 FSupp 166 (ED NY 1993)(under 18 USC § 3568, the predecessor statute to 18 USC § 3585, defendant who was extradited from Italy would receive

credit for time served in Italy in accordance with United States federal lenient practice.) In *United States v Wilson,* 503 US 329, 112 SCt 1351, 117 LEd2d 593 (1992), the United States Supreme Court noted that in 1984 Congress had amended the provisions of the predecessor statute, 18 USC § 3568, in enacting § 3585(b):  Under the old law, a defendant could receive credit only for time spent in custody in connection with "the offense . . . for which sentence was imposed."   Under the new law, a defendant may receive credit both for this time and for time spent in official detention in connection with "any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed." *Id* at 337, 112 SCt 1351. Although Congress' use of the passive voice clearly leaves open the question of who the decisionmaker is with respect to jail credit, the placement of 3585 in Subchapter D-Imprisonment, in which "the court" is called upon to determine the sentence, § 3581, impose the sentence, § 3582, include a term of supervised release, § 3583, and determine whether the term is to run concurrently or consecutively in the case of multiple sentences, § 3584, clearly points to the judge as the person who is to calculate credit, § 3585, in the first instance. Congress could have made this perfectly clear by repeating the phrase "the court" in § 3585, but that was made almost unnecessary by placing § 3585 in a subchapter in which the court clearly had responsibility for every action that needed to be taken, but could also delegate actions to the appropriate authorities. *Id* at 343. Therefore, the Court has the authority to grant defendant credit for the full 18 months he has spent in custody related to this case.

**Defendant is eligible for a downward departure from the guideline range because the defendant's status as a deportable alien will result in a substantial difference in the severity of his sentence and the greater severity is undeserved.**

There are sufficient mitigating circumstances as a result of Mr Severino's status as a "deportable [inadmissible] alien". These circumstances are of such a kind and degree that have not been taken into consideration by the Sentencing Commission in formulating the guidelines that apply to Mr Severino's case. *See United States v Smith*, 27 F3d 649 (DC Cir 1994)(interpreting 18 USC § 3553(b) and *United States Sentencing Guidelines,* Section 5K2.0, involving downward departures based on mitigating circumstances): First, the government brought Mr Severino to the United States solely for prosecution in this case; he did not voluntarily enter the United States either legally or illegally. Instead, after causing his detention for more than twelve months in the Dominican Republic—from June 30, 2005 until July 19, 2006—Dominican officials extradited him from their country.

Solely as a result of the government's bringing him to the United States to prosecute him, he now finds himself in the status of an "illegal alien" and is deportable under 8 USC §1182(a)(6)(E)(I) as an "inadmissible alien". Therefore, he will not be able to serve the last 10% of his sentence in a halfway house.

In *United States v Smith, supra,* this Circuit concluded that "a downward departure may be appropriate where the defendant's status as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence . . . ." The Court ruled that:

> For a departure on such a basis to be reasonable the difference in severity must be substantial and the sentencing court must have a high degree of confidence that it will in fact apply for a substantial portion of the defendant's sentence. Finally, as the defendant's status as a deportable alien is by no means necessarily unrelated to his just desserts, even a court confident that the status will lead to worse conditions should depart only when persuaded that the greater severity is undeserved.

*Id.*

Defendant Severino submits that as a deportable alien his sentence under the *Guidelines* will result in an undeserved "fortuitous increase in the severity of his sentence." Similar to the defendant in *Smith*, defendant Severino's status "renders him ineligible for the benefits of 18 USC §3624(c) which directs the Bureau of Prisons, to the extent practicable, to assure that prisoners spend part of the last 10% of their sentences (but not more than six months) under conditions—possibly including home confinement—that will 'afford the prisoner a reasonable opportunity to adjust to and prepare for his re-entry into the community.'" *Smith* at 651.

Notwithstanding defendant's eligibility for probation, credit for time spent in the Dominican Republic awaiting extradition, and additional credit under *Smith*, if the Court is not inclined to depart from the *Guidelines* to the degree requested by defendant, then defendant asks the Court to sentence him to the low end of any guideline range the Court deems appropriate.

**WHEREFORE**, defendant respectfully requests that this court sentence him to time served or, in the alternative, to the low end of any guideline range the Court deems appropriate.

>  Respectfully submitted,
> 
> *Joseph Virgilio*
> Joseph Virgilio (Bar Nº 237370)
> 1000 Connecticut Avenue NW
> Nº 1
> Suite 613
> Washington   DC   20036
> 202.686.6914

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I mailed a copy of the foregoing to Mark Stiglitz, Esquire, Trial Attorney, United States Department of Justice, 1400 New York Avenue NW, Washington DC 20005 on Thursday, December 21, 2006.

*Joseph Virgilio*
Joseph Virgilio