UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 06-041 (RWR) |
| v. : | |
| : | |
| JOSE LUIS SEVERINO-CONCEPCION,: | FILED UNDER SEAL |
| Defendant. : | |

### GOVERNMENT'S MOTION FOR DEPARTURE AND MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through undersigned counsel, respectfully files this motion for a departure, pursuant to 18 U.S.C. Section 3553(e) and U.S.S.G. § 5K1.1, to allow the Court to sentence defendant outside the applicable guideline range. In support of this motion, the Government represents the following:

### BACKGROUND

In 2002, European and U.S. authorities observed an upsurge in arrests of European drug couriers and seizures of ecstasy that they carried, either on their person or hidden inside luggage. Travel records and interviews of these couriers exposed the following pattern: European expatriates, living in the Dominican Republic and typically middle aged and in financial straits, were recruited by Dominicans to travel to Amsterdam, where they would be met by other Dominicans, who would provide them with what they were originally told were lawful human or veterinary drugs to transport to the United States. A multi-national investigation was launched, which discovered that there were various cells within the Dominican Republic that were involved in recruiting people. One such cell was nominally led by co-defendant Bernardo Jimenez-Carela, and included the defendant.

At the time, the defendant and Jimenez-Carela worked together selling time shares in the

resort town of Sosua, located on the northern coast of the Dominican Republic. As learned through the DEA investigation, the defendant acted as a recruiter for Jimenez-Carela, feeding him couriers and aiding in their preparation for travel in exchange for a fee from him.

The investigation was primarily based on the interview and cooperation of various couriers who were arrested or otherwise came forward to provide information. Many of these couriers were then serving sentences in various U.S. and European prisons. Other methods of investigation included Dominican wiretaps of phones, including one belonging to the defendant, and the use of confidential informants. As a result of the investigation, the defendant and co-defendants were indicted on October 23, 2003. Extradition packages were subsequently transmitted to Dominican authorities. Eventually, the defendant, Jimenez-Carela and Jose Sime-Reyes were arrested. While the defendant initially denied his identity to Dominican authorities, he alone waived extradition, and was arraigned in U.S. District Court on July 19, 2005. Co-defendant Jose Sime-Reyes fought extradition, though was ultimately extradited to the U.S. He refused to cooperate or even proffer with authorities. Co-defendant Jimenez-Carela was twice arrested, and twice was successful in appealing our efforts to extradite him. He is currently free in the Dominican Republic.

On February 24, 2006, the defendant pled guilty to Count 1 of an Information, charging him with Conspiracy to (1) import into the United States a mixture and substance containing MDMA (Ecstasy) and (2) distribute a mixture and substance containing MDMA knowing that such substance would be imported into the United States, with cooperation, before the Honorable Richard W. Roberts.

## DISCUSSION OF SUBSTANTIAL ASSISTANCE

Shortly after his representation by Mr. Virgilio, the defendant agreed to proffer with the

Government, and submitted to 2 separate debriefings. He detailed his relationship with Jimenez-Carela and confirmed his role and that of Jimenez-Carela with respect to a courier named Karsten Roeber, who had been arrested on arrival in New York with 15,000 ecstasy pills hidden in a suitcase. At the conclusion of the debriefings, he indicated his willingness to testify against Jimenez-Carela, who at that time was still a viable candidate for extradition.

Given the passage of time since the original investigation and indictment in this matter, most witnesses have returned to their respective homes around the world and resumed their lives, and it would have been difficult and expensive to bring so many back. The defendant's testimony would have provided important (and readily available) evidence against Jimenez-Carela concerning his involvement in recruiting drug couriers.

## AUTHORITY TO DEPART

The Court may depart from the guidelines and applicable sentencing provisions in fashioning a sentence in this case. Pursuant to the United States Sentencing Guidelines the defendant's final offense level is 27, with a corresponding Guideline range of 70 to 87 months. While the defendant did not testify, nor was his cooperation used as an inducement to others to plead guilty- events that would have warranted a more significant departure than recommended here- the Government still believes under the circumstances of this particular case that the defendant should receive some credit for having offered his testimony. For this reason, and for any additional reasons that may be made known at the sentencing hearing in this matter, the government moves this Court to depart from the sentencing range under the Sentencing Guidelines, and 18 U.S.C. Section 3553(e). Based upon the defendant's cooperation in assisting law enforcement with information against Jimenez-Carela, the United States suggests that the Court depart from the applicable guidelines range.

**SENTENCING RECOMMENDATION**

Under the circumstances of this case, the Government would recommend that the Court sentence the defendant within a range of 57-71 months, effectively departing downward 2 levels to offense level 25.

**CONCLUSION**

WHEREFORE, the government moves the Court to depart from the applicable Guidelines range in fashioning an appropriate sentence for the defendant in this case.

Respectfully submitted,

KENNETH A. BLANCO
CHIEF
NARCOTIC AND DANGEROUS DRUG SECTION

By: _____
Matthew Stiglitz
Trial Attorney
U.S. Department of Justice
Criminal Division
Narcotic and Dangerous Drug Section
1400 New York Ave., N.W., 8th Floor
Washington, D.C.  20530
(202) 305-3646

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was sent to Joseph Virgilio, attorney for the defendant, via e-mail, at virgilio@usa.com, this 21st day of December, 2006.

_____
Matthew Stiglitz